UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Emem Ufot Udoh,

Plaintiff,

v.

Vicki Janssen and Paul Schnell,

Defendants.

Case No. 21-cv-0099 (WMW/LIB)

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is the October 15, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 92). The R&R recommends that this Court grant Defendants Vicki Janssen and Paul Schnell's motion to dismiss and deny Plaintiff Emem Ufot Udoh's motion for injunctive relief. Udoh filed timely objections to the R&R, and Defendants responded to those objections. For the reasons addressed below, the Court adopts the R&R as modified herein, grants Defendants' motion to dismiss, and denies Udoh's motion for injunctive relief.

## BACKGROUND

As the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. On January 11, 2021, Udoh commenced this action against Defendants, who work for the Minnesota Department of Corrections. Udoh's allegations pertain to his detention at Minnesota Correctional Facility – Rush City. Udoh filed an amended complaint on April 2, 2021, alleging that Defendants failed to provide him with meaningful access to the courts. Specifically, Udoh alleges that

Defendants prevented him from submitting timely filings in several ongoing cases by closing the prison law library during the COVID-19 pandemic.  Defendants move to dismiss Udoh's amended complaint, and Udoh moves for injunctive relief.   The October 15, 2021 R&R recommends granting Defendants' motion to dismiss and denying Udoh's motion for injunctive relief.  Udoh filed timely objections to the R&R, and Defendants filed a timely response to Udoh's objections.

## ANALYSIS

A district court reviews *de novo* those portions of an R&R to which timely objections are filed.  28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  An objection to a R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).  Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is not reviewed *de novo*; rather, such an objection is reviewed for clear error.  *Id.*  Because Udoh is proceeding *pro se*, the Court construes his objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### I.      Udoh's Objections to the R&R

Udoh objects to the R&R, arguing that he stated a claim for a violation of his constitutional right of access to the courts and that the magistrate judge did not have jurisdiction to review his motion for injunctive relief.  The Court addresses each objection in turn.

### A.  Access to the Courts

Udoh objects to the R&R's conclusion that Udoh failed to state a claim for a violation of his right of access to the courts based on his allegations that Defendants prevented access to the prison law library.

An inmate's constitutional right of access to the courts includes access to "adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, this is not "an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Prison authorities are not obligated to provide inmates with every possible means of legal assistance for every conceivable civil claim an inmate seeks to advance.  *Kelsey v. Minnesota*, 622 F.2d 956, 958 & n.2 (8th Cir. 1980).

When alleging that meaningful access to the courts has been denied, an inmate must allege that prison officials caused an "actual injury," namely, that a "nonfrivolous and arguably meritorious underlying legal claim" was frustrated or impeded.  *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007).  Alleging a theoretical inadequacy is not sufficient. *Lewis*, 518 U.S. at 351.  Rather, an inmate must show a causal connection between a library inadequacy and an actual injury.  *See Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007). Absent an explanation demonstrating how the alleged library inadequacy either prevented the inmate from filing an arguably meritorious legal claim or caused an arguably meritorious claim to be dismissed as deficient, the inmate's "alleged injuries are merely

speculative." *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008). The complaint must describe the elements of the "underlying cause of action, whether anticipated or lost . . . just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Udoh alleges that Defendants denied him the use of the prison library during lockdowns imposed as a result of the COVID-19 pandemic. Udoh alleges that, because he did not have access to the law library, he was unable to timely file briefs and petitions in his cases before the Minnesota Court of Appeals, Minnesota Supreme Court, and United States Board of Immigration Appeals. As a result, Udoh's appeals in all three matters were dismissed. But, as the magistrate judge correctly observed, Udoh provides no detail about any of the claims he sought to pursue. Accordingly, the magistrate judge correctly concluded that Udoh fails to state a cause of action for a violation of his right of access to the courts and, therefore, Udoh's objection on this ground is overruled. Accordingly, the Court adopts this aspect of the R&R.

### B.      Injunctive Relief

Udoh also objects to the R&R on the basis that the magistrate judge lacked jurisdiction to review his motion for injunctive relief. "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for an enumerated list of matters that includes a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(A). But "a judge may also designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." 28 U.S.C.

§ 636(b)(1)(B).  Here, the magistrate judge considered Udoh's motion for injunctive relief and recommended that the Court deny the motion.  The magistrate judge's recommendation is a permissible exercise of jurisdiction under 28 U.S.C. § 636(b)(1)(B).  Accordingly, the Court overrules Udoh's objection on this ground and adopts this aspect of the R&R.

## II.    Clear Error Review

Even when liberally construed, Udoh's remaining objections lack sufficient specificity to warrant a *de novo* legal analysis.  For this reason, the Court reviews the balance of the R&R for clear error.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Montgomery*, 98 F. Supp. 3d at 1017 (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error").  Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1.    Plaintiff Emem Ufot Udoh's objections, (Dkt. 103), to the October 15, 2021 R&R, (Dkt. 92), are **OVERRULED**.

2.    The October 15, 2021 R&R, (Dkt. 92), is **ADOPTED AS MODIFIED**.

3.      Defendants Vicki Janssen and Paul Schnell's motion to dismiss, (Dkt. 48), is

**GRANTED**.

4.      This matter is **DISMISSED WITHOUT PREJUDICE**.

5.      Plaintiff Emem Ufot Udoh's motion for injunctive relief, (Dkt. 63), is

**DENIED**.

6.      Plaintiff Emem Ufot Udoh's motion for a writ of mandamus, (Dkt. 105), is

**DENIED AS MOOT**.

        LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  February 15, 2022                              s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge